UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DONALD TROY HORTON,<br><br>Plaintiff,<br><br>v.<br><br>SEPH R. BIDEN; KAMALA HARRIS; ANTHONY J. BLINKEN; DEIDRE HENDERSON; and MERRICK GARLAND,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915**<br><br>Case No. 2:24-cv-00602<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Donald Troy Horton filed this action without an attorney and without paying a filing fee.[1] After screening Mr. Horton's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court invited Mr. Horton to file an amended complaint.[2] Mr. Horton filed an amended complaint on December 4, 2024.[3] Because Mr. Horton's amended complaint fails to state a plausible claim for relief, and further opportunities to amend would be futile, the undersigned[4] recommends the

---

[1] (See Compl., Doc. No. 1; Order Temporarily Granting Mot. to Waive Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 6.)

[2] (See Mem. Decision and Order Permitting Am. Compl. and Temporarily Granting Mot. to Waive Filing Fee, Doc. No. 10.)

[3] (See Am. Compl., Doc. No. 13.)

[4] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (See Doc. No. 8.)

district judge dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEGAL STANDARDS

When a court authorizes a party to proceed without paying a filing fee, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[5] In making this determination, the court uses the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[7] The court accepts well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[8] But the court need not accept a plaintiff's conclusory allegations as true.[9] "[A] plaintiff must offer specific factual allegations to support each claim."[10] Additionally, the plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the

---

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[7] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[8] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[11]

Because Mr. Horton proceeds pro se (without an attorney), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[12] Still, pro se plaintiffs must follow the same procedural rules as other litigants.[13] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[14] While courts make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[15] courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

---

[11] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[12] *Hall*, 935 F.2d at 1110.

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[14] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

## ANALYSIS

The court found Mr. Horton's original complaint deficient because it was unintelligible and failed to state any cognizable claim.[17] Because Mr. Horton's amended complaint fails to correct these deficiencies, this action must be dismissed.

In his amended complaint, Mr. Horton asserts he is bringing claims under 42 U.S.C. §§ 1983 and 1985 for violations of his right to "'Life, Liberty and the pursuit of Happiness' as found in the United States Declaration of Independence."[18] Although Mr. Horton's amended complaint is difficult to follow, the thrust of his argument seems to be that the federal government failed to respond to his "Affidavit of Repudiation of Citizenship":

> Basis for this case: CLAIM 1 - FAILED DUTY: Plaintiff has received no acknowledgment or written reply to notices and demands of GOV to ensure unalienable rights; as designed and understood was intended by the founding Father[s] and to be extended to Plaintiff as part of "We The People[."] As self-evident in the Plaintiff[']s written and public notices delivered by USPO Registered Mail received by all parties listed above between the months of April and May 2024, [a]ll have gone without formal reply acknowledging and/or accepting in a "legally" timely manner by any one of the Senior GOV Officials notified above by Registered Mail with Return Receipts Signed for. As a result extreme unnecessary, totally avoidable, hardship was incurred by Plaintiff.[19]

In a section entitled "CLAIM 2 – INJURY," Mr. Horton describes the damages he allegedly suffered due to the government's failure to respond to his "Affidavit of

---

[17] (*See* Mem. Decision and Order Permitting Am. Compl. and Temporarily Granting Mot. to Waive Filing Fee 5–8, Doc. No. 10.)

[18] (*See* Am. Compl., Doc. No. 13 at 1.)

[19] (*Id.* at 1–2.)

Repudiation of Citizenship."[20]  This section is indecipherable.  For example, Mr. Horton states:

> Plaintiff demanded in [Affidavit] of Repudiation of Citizenship to become Trustee of his Cestui Que Vie Trust associated to Plaintiff[']s Birth Certificate CUSIP Bonds and Social Security Number.  The CQV Trust initially set up, secured and managed by the Federal appointed Trustee Government in [Plaintiff's] ALL CAPS Corporate [Fiction] Name created, effective immediately.  6 months now due in arrears totaling $180,000 USD (July-December 2024) as compensation of $30,000 per month due as Trustee Payments to manage [Plaintiff's] Trust Lawfully, of legal age.[21]

Mr. Horton concludes his amended complaint with a demand for the following relief:

1. A Court ORDER to confirm as "legal" documentation going forward the Plaintiff[']s "Lawful Right" to no longer exist as a "Citizen" "Corporate Fiction" "Chattel" of USA. . . .
2. A Court ORDER to demand the US Treasury and/or US Courts, are authorized to pay Plaintiff all Trustee Management Fees out of [Plaintiff's] Cestui Que Vie Trust assets in a Timely Monthly Basis on the 1st of [] each month $30,000 USD on-going until death. . . .
3. A Court ORDER to "Lawfully" notify all GOV Authorized Agencies, including Banking that Plaintiff[']s Informal and Ordinary NGO's BlockGAIN.exchange and ESGTA are EXEMPT from Taxation, Fines and/or Fees associated with "Legal" Statutes and Codes.
4. A Court ORDER to award damages for hardship authorizing the U.S. Treasury and all Centralized Banking Systems to "Lawfully" acquire up to 1 Trillion NGO Coins on a 1 to 1 USD Basis with BlockGAIN.exchange on cooperative behalf of ESGTA Sovereign Wealth Funds. . . .
5. A Court ORDER acknowledging EQUITISM as our new civil society's right to exist with game changing advantages of EQUAL PAY FOR ALL WORK in our NGO's.[22]

---

[20] (*See id.* at 2–4.)

[21] (*Id.* at 2.)

[22] (*Id.* at 4–5.)

Even construing Mr. Horton's amended complaint liberally, it is difficult to discern what claims he is attempting to bring or the underlying facts on which any cognizable claim could be based. This alone warrants dismissal.[23] Mr. Horton's amended complaint also violates Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct."[24]

To the extent Mr. Horton's amended complaint is decipherable, it still fails to state a claim. Mr. Horton cites 42 U.S.C. §§ 1983 and 1985 as the basis for his claims.[25] Section 1983 provides a recovery mechanism for violations of federal rights in certain circumstances.[26] "To establish a cause of action under [§] 1983, a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[27] First, the United States of America (which Mr. Horton names as a defendant) is not a proper

---

[23] See Nasious, 492 F.3d at 1163 ("[T]o state a claim in federal court, a [plaintiff] must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

[24] See Fed. R. Civ. P. 8(a)(2), 8(d)(1); see also Padilla v. Mnuchin, 802 F. App'x 426, 427 (10th Cir. 2020) (unpublished) ("A district court may dismiss an action under Rule 41(b) for failure to comply with Rule 8.").

[25] (See Am. Compl., Doc. No. 13 at 1 ("The BASIS of all Plaintiff's Civil Rights Claims filed and outlined below are under 42 U.S.C. Sections 1983 and 1985 . . . .").)

[26] See 42 U.S.C. § 1983; see also Margheim v. Buljko, 855 F.3d 1077, 1084 (10th Cir. 2017) (describing § 1983 generally).

[27] Watson v. Kansas City, 857 F.2d 690, 694 (10th Cir. 1988).

§ 1983 defendant—the United States is protected by sovereign immunity from such claims.[28]  As to the remaining defendants, Mr. Horton does not identify any specific actions they have taken—his allegations are targeted generally at the "GOV."[29]  Moreover, Mr. Horton does not identify a cognizable federal right.  He bases his claims on the right to "'Life, Liberty and the pursuit of Happiness' as found in the United States Declaration of Independence."[30]  That is not a cognizable federal right.[31]

Nor does § 1985 provide a basis for Mr. Horton's claims.  Section 1985 provides a civil cause of action for certain conspiracies to interfere with civil rights.[32]  To assert a § 1985 claim, Mr. Horton must allege facts supporting a conspiracy.[33]  To state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and

---

[28] *See Clark v. Lynch*, 213 F. Supp. 3d 1347, 1351 (D. Kan. 2016) (noting the United States has not waived sovereign immunity for § 1983 claims).

[29] (*See generally* Am. Compl., Doc. No. 13); *see also Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) ("[I]t is incumbent upon a plaintiff to 'identify specific actions taken by particular defendants' in order to make out a viable § 1983 [claim]." (citation omitted)).

[30] (Am. Compl., Doc. No. 13 at 1.)

[31] *See Secor v. Oklahoma*, No. 16-CV-85, 2016 U.S. Dist. LEXIS 146122, at *8–10 (N.D. Okla. Oct. 21, 2016) (unpublished) (explaining the "Right to Life, Liberty, and Pursuit of Happiness" is not a cognizable federal right because "[t]he Declaration of Independence is a state of ideals, not law" (citation omitted)).

[32] *See* 42 U.S.C. § 1985; *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012).

[33] *See Dixon v. City of Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990).

concerted action amongst the defendants."[34] Mr. Horton fails to allege specific facts showing an agreement or concerted action among the defendants. His conclusory allegations that his rights were violated by the "GOV" are insufficient.

For all these reasons, this action must be dismissed.[35] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[36] The court previously identified the deficiencies described above and permitted Mr. Horton to amend his complaint,[37] but his amended complaint fails to correct the deficiencies. Therefore, further opportunities to amend would be futile, and dismissal is necessary.

## RECOMMENDATION

Because Mr. Horton's amended complaint fails to state a plausible claim for relief, and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Horton has the right to object to this Report and

---

[34] *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (discussing conspiracy under § 1983).

[35] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[36] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[37] (*See* Mem. Decision and Order Permitting Am. Compl. and Temporarily Granting Mot. to Waive Filing Fee, Doc. No. 10.)

Recommendation within fourteen days, and failure to object may be considered a waiver of objections.[38]

DATED this 21st day of April, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[38] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).