IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DONALD TROY HORTON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOSEPH R. BIDEN; KAMALA HARRIS; ANTHONY J. BLINKEN; DEIDRE HENDERSON; and MERRICK GARLAND,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:24-cv-00602-JNP-DAO<br><br>Chief District Judge Jill N. Parrish |

　　　　Plaintiff Donald Troy Horton, proceeding pro se, filed a federal lawsuit against Defendants Joseph R. Biden, Kamala Harris, Anthony J. Blinken, Deidre Henderson, and Merrick Garland. After permitting an amended complaint, Magistrate Judge Oberg recommended dismissing the action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, the court ADOPTS her Report and Recommendation and DISMISSES the action without prejudice.

## BACKGROUND

　　　　On August 20, 2024, Mr. Horton filed his original complaint against Defendants. ECF No. 1. Judge Oberg temporarily granted leave for Mr. Horton to proceed in forma pauperis under 28 U.S.C. § 1915 and accordingly screened his complaint under § 1915(e) and DUCivR 3-2(b). Judge Oberg found that Mr. Horton's original complaint failed to state a plausible claim for relief, and she granted Mr. Horton leave to file an amended complaint. ECF No. 10.

　　　　On December 4, 2024, Mr. Horton filed his amended complaint. ECF No. 13. His amended complaint asserts claims under 42 U.S.C. § 1983 and § 1985. The alleged basis for these claims is

difficult to parse but appears to center around Defendants' lack of response to an "Affidavit of Repudiation of Citizenship" that Mr. Horton mailed out in April and May 2024. *See* ECF No. 13 at 2. Mr. Horton also claims serious financial injury apparently resulted from the lack of Defendants' responses. As Mr. Horton asserts: "Had the GOV officials notified in writing 'Legally' done their Job to meet [Plaintiff's] lawful demands; changing Citizenship status and giving written notice to all parties involved; none of the afore mentioned would have resulted in financial hardships presently being experienced." ECF No. 13 at 3–4.

Mr. Horton's requests for relief include, inter alia, court orders confirming his lawful right to no longer exist as a citizen and requiring the U.S. Treasury to pay him $30,000 per month for the rest of his life. *Id.* at 4.

Judge Oberg's Report and Recommendation recommended the court dismiss the complaint without prejudice. Specifically, she found that the complaint (1) was largely indecipherable, (2) violated Federal Rule of Civil Procedure 8 by not containing a short and plain statement showing Mr. Horton was entitled to relief, and (3) failed to state a plausible claim. Judge Oberg noted that Mr. Horton's § 1983 claim was either barred by sovereign immunity or failed because he did not identify any specific actions the named Defendants took or even a cognizable federal right. With respect to his § 1985 claim, Judge Oberg found that Mr. Horton failed to allege any specific facts supporting a conspiracy. Because Mr. Horton's amended complaint failed to cure the previously identified deficiencies in his original complaint, Judge Oberg found that further opportunities to amend would be futile. On review here, Mr. Horton ostensibly objects to the Report and Recommendation. ECF No. 16.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(C), the court "shall make a de novo determination of those portions of the report . . . or recommendations to which objection is made." When reviewing a report and recommendation, courts generally review only those portions to which a proper objection was raised. *See, e.g.*, *Sedillo v. Hatch*, 291 F. App'x 883, 886 (10th Cir. 2008) (unpublished) (finding an objection lacking where it did not ask the district court to reject the magistrate judge's conclusions). "An objection to a recommendation is properly raised if it is both timely and specific. An objection is sufficiently specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Epperson v. Town of Salina, OK*, No. 25-CV-269-JFH-MTS, 2025 WL 2590259, at *1 (N.D. Okla. Sept. 8, 2025) (quoting *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

Here, Mr. Horton's objections, while timely, fail to be sufficiently specific. The court is unable to ascertain the portions of, or conclusions in, the Report and Recommendation to which Mr. Horton objects. Mr. Horton's objection is largely a re-statement of his complaint, without any specific reference to Judge Oberg's actual Report and Recommendation. *See Thompson v. Sirmons*, 336 F. App'x 834, 836 (10th Cir. 2009) (unpublished) (finding a "blanket reassertion" of claims to not be sufficiently specific).

Because Mr. Horton did not properly object to the Report and Recommendation, he has waived any argument challenging its recommendations. *Paciorek v. Church of Jesus Christ of Latter-Day Saints*, No. 2:23-cv-00904, 2024 WL 2818881, at *1 (D. Utah June 3, 2024); *Thompson*, 336 F. App'x at 836 (unpublished) ("When a plaintiff does not make specific

objections to the magistrate judge's report, he is considered to have waived those objections."). And nothing indicates that the interests of justice demand excusing waiver here. *See Paciorek*, No. 2:23-cv-00904, 2024 WL 2818881, at *1. Nevertheless, even if the court reviewed for clear error, the court concludes that Judge Oberg's analysis is not clearly erroneous. *See Zloza v. Indus. Co.*, No. 4:23-cv-17, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023).

Only one portion of Mr. Horton's objection appears to substantively diverge from the rehashing of his complaint. While this portion similarly fails to specifically address any conclusion in the Report and Recommendation, the court addresses it for clarity's sake. Mr. Horton states that "[h]aving done my best as a pro-se Plaintiff, I Motion the Court" to grant the claims. ECF No. 16 at 2. He appears to ask that the court excuse "any problematic material, [or] lack of civil procedure that this court may have found in my writings." *Id.* at 2–3.

While it is not exactly clear what Mr. Horton is arguing for, the court reads this as a request for leniency given his pro se status. The court, however, emphasizes that "[w]hile we of course liberally construe *pro se* pleadings, . . . *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

A pro se plaintiff "still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)). Courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997)). Here, Mr. Horton has failed to state a plausible claim, and the court will not supply additional facts to give the complaint firmer footing.

Because Mr. Horton failed to raise any proper objections and the court finds Judge Oberg's analysis to be correct and free from error, the court adopts the Report and Recommendation.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that the Report and Recommendation is **ACCEPTED AND ADOPTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

Signed March 6, 2026.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge